Larue v 1201-31 Lafayette Ground Gowner LLC (2025 NY Slip Op 06546)

Larue v 1201-31 Lafayette Ground Gowner LLC

2025 NY Slip Op 06546

Decided on November 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 25, 2025

Before: Webber, J.P. SEQ CHAPTER \h \r 1, Kennedy, González, Higgitt, Michael, JJ. 

Index No. 812053/23|Appeal No. 5237|Case No. 2025-04541|

[*1]Adriene Larue, Appellant,
v
1201-31 Lafayette Ground Gowner LLC et al., Respondents.

Kenneth J. Gorman, New York for appellant.
Law Offices of Shahab Katirachi, New York (Crystal E. Nagy of counsel) for respondents.

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about May 9, 2025, which denied plaintiff's motion pursuant to CPLR 3126 (c) to strike defendants' answer or preclude defendants from introducing surveillance video of plaintiff's accident, unanimously reversed, on the law, without costs, and the motion to preclude defendants' from introducing the surveillance video of plaintiff's accident granted.
Supreme Court improvidently exercised its discretion in denying plaintiff's motion seeking discovery sanctions. Plaintiff demonstrated that defendants acted willfully and contumaciously when they failed to turn over video footage of plaintiff's accident (see Jones v Green, 34 AD3d 260, 261 [1st Dept 2006]). Defendants failed to produce the video in response to repeated explicit demands and repeatedly denied the existence of any video of plaintiff's accident. It was not until after plaintiff's deposition on May 20, 2024 and during the June 27, 2024 deposition of defendants' building manager that defendants revealed the existence of the video. While only six months elapsed from entry of the compliance order to the belated production of the video, it cannot be said that plaintiff was not prejudiced by the late production. Defendants should be sanctioned for their dilatory behavior in producing the surveillance video after plaintiff's deposition had already taken place (see Polakoff v NYU Hosps. Ctr., 176 AD3d 613, 614 [1st Dept 2019] [sanctioning the plaintiff who failed to produce audio and video recordings until after their depositions and not until the eve of the continuation of defendant's deposition, noting defendants were prejudiced by "surprise tactic" occurring after parties were deposed]).
Given the totality of the circumstances, Supreme Court should have granted the lesser sanction of preclusion (see Tai Tran v New Rochelle Hosp. Med. Ctr., 99 NY2d 383, 389-390 [2003]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 25, 2025